Plymouth District Court
No. 87-198

CAMPTON CROSSROADS, INC.

v.

RICHARD A. WISE

December 9, 1988

*Ray, Hopkins & Reynolds P.A.*, of Plymouth (*Deborah R. Reynolds* on the brief and orally), for the plaintiff.

*Sanders and McDermott P.A.*, of Hampton (*Lawrence M. Edelman* on the brief and orally), for the defendant.

JOHNSON, J.   In this action to recover a real estate commission, the defendant, Richard A. Wise (Wise), appeals from a decision of the Plymouth District Court (*Kelly*, J.) denying his request for a jury trial and transfer of the case to the Grafton County Superior Court. He also appeals from the district court's decision that the plaintiff, Campton Crossroads, Inc. (Campton), was entitled to the full real estate brokerage commission. For the reasons stated below, we hold that the defendant's motion for a jury trial should have been granted. We therefore remand the case to the district court with instructions to transfer it to the Grafton County Superior Court for a new trial.

Briefly, the relevant facts in this case are as follows. The defendant, Richard Wise, is the owner of a townhouse located in Thornton. On or about November 24, 1985, Wise and Campton entered into an "Open Listing Agreement" in which Wise agreed to pay a real estate brokerage commission if Campton produced a buyer who was "ready, willing and able to buy said property at a price, and on terms acceptable to [him]." In March of 1986, a representative of Campton located a buyer she believed met Wise's requirements. Wise refused to accept the buyer's offer.

On or about April 22, 1986, Campton served a writ of summons on Wise, seeking payment of a real estate brokerage commission, which was entered in the Plymouth District Court on April 23, 1986, by plaintiff's counsel. The writ of summons had a return date of the first Tuesday of June, 1986 (June 3, 1986). On May 6, 1986, the attorney representing Wise entered an appearance in the district court. At that time he also filed a request for a jury trial and transfer of the cause to the Grafton County Superior Court. This request was denied on May 29, 1986. The district court found the request "untimely[,] since this matter was entered on April 23, 1986." The court held that a request must be made within five days of the entering of the writ unless there is good cause for not making the request within that time. The trial court held that "[s]ince no good cause for additional time has been alleged, the defendant's request is denied pursuant to RSA 502-A:15." Wise's subsequent motion to reconsider was denied on June 26, 1986.

On March 11, 1987, a hearing on the merits was held without a jury in the Plymouth District Court. In a decision dated April 22, 1987, the district court found in favor of the plaintiff, and awarded Campton the full real estate brokerage commission of $5,460 plus statutory interest from the date of the writ and costs. This appeal followed.

RSA 502-A:15 (Supp. 1988) states:

> "In cases in which the damages claimed exceed $500 or title to real estate is involved, if the defendant upon the entry of any action for damges under RSA 502-A:14, II or II-a *within 5 days of the entry of the action or within such additional time as the district court for good cause may allow*, files a written request for trial by jury, the cause shall be at once transferred to the superior court for the county in which the district is located, to be heard and tried as if originally entered in the superior court."

(Emphasis added.) The district court denied the defendant's request for a jury trial because the defendant failed to make the request within the 5-day time period prescribed by the statute. The writ of summons and sheriff's return of service had been presented to the office of the clerk of the court on April 23, 1986. The cause was therefore "entered" on that date, and a timely request for a jury trial pursuant to RSA 502-A:15 (Supp. 1988) had to be made within five days of that date. The defendant's request, made two weeks after service of process, but approximately one month before he was required to file an appearance as instructed by the writ, was therefore held to be "untimely."

The defendant in this appeal urges us to interpret the date of "entry of the action," as found in RSA 502-A:15 (Supp. 1988), as equivalent to the "return date." Under such an interpretation, the defendant would have until five days after the return date appearing on the writ to request a trial by jury. The district court held, however, that "[t]he Entry Date is not synonymous with the Return Date." We too must decline the defendant's invitation to make this interpretation. *See* R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE §§ 429, 430 (1984).

We focus instead on the statute itself, RSA 502-A:15 (Supp. 1988), with its saving language, "or within such additional time as the district court for good cause may allow," and consider whether good cause exists, as a matter of law, for the defendant's failure to request a trial by jury within five days of the entry date, under the circumstances of this case.

The writ gives no instruction to a defendant that he must take any action before the return date and by implication suggests none need be taken, since it says, "if you desire to be heard on the matters raised in these papers, you must notify the court by filing an appearance form . . . on or before the date specified on this writ"; that is, the return date. Nothing is said about the entry date of the writ. The entry of a writ is entirely within the discretion of the plaintiff, and the defendant is given no notice of when the writ is entered by the plaintiff, thus triggering RSA 502-A:15 (Supp. 1988).

We hold that the defendant's failure to request a jury trial prior to the return date is excusable and that the defendant had "good cause" as a matter of law for his failure to request a jury trial within five days of the entry date. A defendant who receives a writ containing a return date, and no other information notifying him that he must act before that date, will have such additional time as the district court may allow, at least up to, and including, the return date, to request a trial by jury and transfer to the superior court. We therefore hold that the defendant's request for a jury trial should have been granted, and that the defendant, having made such request approximately one month prior to the return date appearing on the writ, is entitled to a trial by jury and transfer of the cause to the Grafton County Superior Court.

In view of the reason for our reversal of the district court decision, we do not discuss the case on its merits. We also do not need to reach the defendant's contention that requiring the request for a jury trial in cases begun in the district court to be made at

an earlier date than requests in cases begun in the superior court denies equal protection.

*Reversed and remanded.*

All concurred.